Henry L. Newhouse, Defendant in Error, v. Jake Leva-
nos, Plaintiff in Error.

Gen. No. 20,453.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-
NEY, Judge, presiding. Heard in the Branch Appellate Court at
the October term, 1914. Affirmed. Opinion filed May 11, 1915.

## Statement of the Case.

Action of forcible entry and detainer by Henry L.
Newhouse, plaintiff, against Jake Levanos and Jos.
Chamales, defendants, to recover possession of certain
premises for nonpayment of rent.

The summons was served on defendant Levanos
only.

The evidence shows that the first attempt made by
the defendants or either of them to pay the rent was
on March 9th, eight days after defendants had de-
faulted in this respect under the terms of the lease.
On that date, the defendants, lessees, through one
Charles Levanos, a brother of defendant Levanos,
offered the lessor less than one-third of the amount
due, which he refused to accept, and informed Charles
Levanos that negotiations with reference to the March
rent were in the hands of his attorney, J. R. Klawans.
After this conversation with plaintiff, Charles Levanos
called on plaintiff's attorney and asked for further
time to pay the rent. This was refused and immediate
payment was insisted upon. The rent was not paid
and the action above mentioned for possession of the
premises was thereupon started.

The lease between the parties appearing in the rec-
ord contains the following clause:

"It is expressly agreed between the parties hereto
that if default be made in the payment of the rent
above reserved or any part thereof, or in any of the

covenants and agreements herein contained, to be kept by the party of the second part, it shall be lawful for the party of the first part or the legal representatives of said party at any time thereafter, at the election of said first party or the legal representatives thereof, without notice to declare said term ended and to re-enter said demised premises or any part thereof either with or without process of law, * * * said party of the second part hereby expressly waiving all right to any notice or demand under any statute of this state relating to forcible entry and detainer.''

The lease also contained the following provisions: ''Nor shall the receipt of said rent or any part thereof or any other act in apparent affirmance of the tenancy operate as a waiver of a right to forfeit this lease and the term hereby granted for the period still unexpired for any breach of any of the covenants herein.''

After suit was started the defendants through their attorney tendered the rent in open court with court costs. This tender was refused. The money tendered was not paid into court. After hearing the evidence the court below found the defendant, Jake Levanos, guilty of unlawfully withholding possession of the premises in question from the plaintiff, and entered judgment on the finding.

To reverse this judgment, defendant Levanos prosecutes this writ of error.

The reversal is asked upon three grounds: (1) That the court permitted the plaintiff to introduce in evidence a lease over defendant's objection that it did not appear that it was signed by the plaintiff or any one authorized by him; (2) that the record does not show any evidence of any notice of any kind prior to the commencement of the suit; and (3) that the rent due March 1st was tendered on March 12th.

BEAUREGARD F. MOSELEY, for plaintiff in error.

ADLER & LEDERER, for defendant in error,

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 79*—*when lease not signed by landlord admissible in evidence.* In an action of forcible entry and detainer against a tenant, the admission of the lease in evidence is not error, though it did not appear that it was signed by plaintiff or any one authorized by him, where it was introduced without objection from defendant until an adjourned hearing of the case was in progress, and there was no denial in the record of the execution of the lease and the evidence showed that defendant entered and paid rent under the lease.

2. FORCIBLE ENTRY AND DETAINER, § 30*—*when want of notice and demand not ground for reversal.* In an action of forcible entry and detainer against a tenant, lack of notice and demand is not ground for reversal, where they are expressly waived by the lease, and the questions of notice or demand were not drawn in issue in the trial court.

3. LANDLORD AND TENANT, § 494*—*when tender of rent insufficient.* In an action against a tenant for forcible entry and detainer, a tender of a portion of the rent nine days after it was due, which was refused, and a subsequent tender after suit was begun, which was also refused and was not kept good by a deposit in court, and a further offer to pay the rent and court costs, do not constitute such tender as will defeat the action.

---

## Mark F. Madden and Michael S. Madden, copartners, trading as Madden Brothers, Defendants in Error, v. Maud R. Davis, Plaintiff in Error.

### Gen. No. 20,489.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.